FUGAZY & ROONEY LLP
Paul P. Rooney (PR-0333)
Amanda M. Fugazy (AF-6772)
225 Broadway, 39th Floor
New York, New York 10007
(212) 346-0570 (telephone)
(484) 805-7022 (facsimile)

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATISHA PAULSON, KURATO ONO, and
BRIAN PETERSON, on behalf of themselves
and other similarly situated,                              08-CV 5529 (AKH)
                  Plaintiffs,
- against -                                                **ANSWER**

JAPOND RESTAURANT LLC d/b/a BOND
STREET AND JONATHAN MORR

                  Defendants.
-----------------------------------------------------------------X

Defendants, Japond Restaurant LLC d/b/a Bond Street ("Bond St.") and Jonathan Morr ("Morr"), through their attorneys, Fugazy & Rooney LLP, for their Answer to the Complaint state as follows:

### AS TO "JURISDICTION AND VENUE"

1. Paragraph 1 of the Complaint requires no response.

2. The allegations contained in paragraph 2 of the Complaint constitute conclusions of law as to which no substantive response is required; however, to the extent that any responsive pleading is required, the allegations contained in paragraph 2 are admitted.

3. The allegations contained in paragraph 3 of the Complaint constitute conclusions of law as to which no substantive response is required; however, to the extent that any responsive pleading is required, the allegations contained in paragraph 3 are admitted.

## AS TO "THE PARTIES"

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. Denies each and every allegation set forth in paragraph 7 of the Complaint.

8. Defendant Bond St. admits the allegations contained in paragraph 8 of the Complaint; Defendant Morr denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9. Defendant Bond St. admits the allegations contained in paragraph 9 of the Complaint; Defendant Morr denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint.

10. Defendant Bond St. admits the allegations contained in paragraph 10 of the Complaint; Defendant Morr denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION" ALLEGATIONS

11. The allegations contained in paragraph 11 of the Complaint constitute conclusions of law as to which no substantive response is required; however, to the extent that any responsive pleading is required, the allegations contained in paragraph 11 are denied.

12. Denies each and every allegation set forth in paragraph 12 of the Complaint.

13. Denies each and every allegation set forth in paragraph 13 of the Complaint.

## AS TO "RULE 23 CLASS ALLEGATIONS- NEW YORK"

14. The allegations contained in paragraph 14 of the Complaint constitute conclusions of

law as to which no substantive response is required; however, to the extent that any responsive pleading is required, the allegations contained in paragraph 14 are denied.

15. Denies each and every allegation set forth in paragraph 15 of the Complaint.

16. Denies each and every allegation set forth in paragraph 16 of the Complaint.

17. Denies each and every allegation in paragraph 17 of the Complaint.

18. Denies each and every allegation in paragraph 18 of the Complaint; except avers that Plaintiffs are represented by attorneys who are experienced and competent.

19. Denies each and every allegation in paragraph 19 of the Complaint.

20. Denies each and every allegation in paragraph 20 of the Complaint.

21. Denies each and every allegation in paragraph 21 (a-h, inclusive), of the Complaint.

## AS TO THE "FACTS"

22. Paragraph 22 of the Complaint requires no response.

23. Denies each and every allegation in paragraph 23 of the Complaint.

24. Denies each and every allegation in paragraph 24 of the Complaint.

25. Denies each and every allegation in paragraph 25 of the Complaint.

26. Paragraph 26 states a legal conclusion to which no response is required.

27. Paragraph 27 states a legal conclusion to which no response is required.

28. Denies each and every allegation in paragraph 28 of the Complaint.

29. Denies each and every allegation in paragraph 29 of the Complaint.

30. Denies each and every allegation in paragraph 30 of the Complaint.

31. Denies each and every allegation in paragraph 31 of the Complaint.

32. Denies each and every allegation in paragraph 32 of the Complaint.

33. Denies each and every allegation in paragraph 33 of the Complaint.

34. Denies each and every allegation in paragraph 34 of the Complaint.

35. Denies each and every allegation in paragraph 35 of the Complaint.

**AS TO THE "FIRST CLAIM FOR RELIEF"**
**(FLSA Claims, 29 U.S.C §§ 201, et seq.,**
**Brought By Plaintiffs On Behalf Of**
**Themselves And The FLSA Collective Plaintiffs)**

36. Repeats and re-alleges its answers and responses to Paragraph 1 through 35, inclusive as if set forth in full herein.

37. Paragraph 37 states a legal conclusion to which no response is required.

38. Denies each and every allegation in paragraph 38 of the Complaint.

39. Denies each and every allegation in paragraph 39 of the Complaint, except avers Plaintiffs seek the relief they claim.

**AS TO THE "SECOND CLAIM FOR RELIEF"**
**(FLSA overtime violations, 29 U.S.C §§ 201, et seq.,**
**Brought By Plaintiffs On Behalf Of**
**Themselves And The FLSA Collective Plaintiffs)**

40. Repeats and re-alleges its answers and responses to Paragraph 1 through 39, inclusive as if set forth in full herein.

41. Denies each and every allegation in paragraph 41 of the Complaint.

42. Denies each and every allegation in paragraph 42 of the Complaint.

43. Denies each and every allegation in paragraph 43 of the Complaint.

44. Denies each and every allegation in paragraph 44 of the Complaint, except avers Plaintiffs seek the relief they claim.

### AS TO THE "THIRD CLAIM FOR RELIEF"
### (New York State Minimum Wage Act,
### New York Labor Law §§ 650, *et seq.*,
### Brought By Plaintiffs On Behalf Of
### Themselves And The Class)

45. Repeats and re-alleges its answers and responses to Paragraph 1 through 44, inclusive as if set forth in full herein.

46. Denies each and every allegation in paragraph 46 of the Complaint.

47. Denies each and every allegation in paragraph 47 of the Complaint.

48. Denies each and every allegation in paragraph 48 of the Complaint.

49. Denies each and every allegation in paragraph 49 of the Complaint.

50. Admits the allegations contained in paragraph 50 of the Complaint.

### AS TO THE "FOURTH CLAIM FOR RELIEF"
### (New York State Minimum Wage Act,
### New York Stat. § 650, *et seq.*,
### Brought By Plaintiffs On Behalf Of
### Themselves And The Class)

51. Repeats and re-alleges its answers and responses to Paragraph 1 through 50, inclusive as if set forth in full herein.

52. Paragraph 52 states a legal conclusion to which no response is required.

53. Denies each and every allegation in paragraph 53 of the Complaint.

54. Denies each and every allegation in paragraph 54 of the Complaint.

55. Admits the allegations contained in paragraph 55 of the Complaint.

### AS TO THE "FIFTH CLAIM FOR RELIEF"
### (Illegal Pay Dedutions And Deductions From Gratuities,
### N.Y. Lab. L. §§ 196-D And 198-B,
### Brought By Plaintiffs On Behalf Of
### Themselves And The Class)

56. Repeats and re-alleges its answers and responses to Paragraph 1 through 55, inclusive as if set forth in full herein.

57. Denies each and every allegation in paragraph 57 of the Complaint.

58. Denies each and every allegation in paragraph 58 of the Complaint.

59. Admits the allegations contained in paragraph 59 of the Complaint.

### AS TO THE "SIXTH CLAIM FOR RELIEF"
### (Illegal Pay Deductions,
### N.Y. Lab. L. §193,
### Brought By Plaintiffs On Behalf Of
### Themselves And The Class)

60. Repeats and re-alleges its answers and responses to Paragraph 1 through 59, inclusive as if set forth in full herein.

61. Denies each and every allegation in paragraph 61 of the Complaint.

62. Denies each and every allegation in paragraph 62 of the Complaint.

63. Admits the allegations contained in paragraph 63 of the Complaint.

### AS TO THE "PRAYER FOR RELIEF"

Defendants deny the allegations in the WHEREFORE clause of the Complaint, (a-j inclusive), and further deny that Plaintiffs are entitled to any relief demanded therein or any relief whatsoever.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

### AS AND FOR THE SECOND ARRIMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statues of limitations.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

If Defendants are found to have failed to pay Plaintiffs, and/or any putative member of the purported FLSA Collective Action defined in the Complaint, any amount due, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the FLSA wage and hour laws. Further, the actions taken or omitted by Defendants were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. §259.

Consequently, Defendants have not acted with reckless disregard of the FLSA and, accordingly, have not engaged in any willful violation of the FLSA. By reason of the foregoing, Plaintiffs and/or putative member of the purported FLSA Collective Action are not entitled to liquidated damages. Moreover, only a two-year statute of limitations should apply under the FLSA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' monetary claims, and the claims of the putative members of the purported FLSA Collective Actions and/or the New York Labor Law Class Action defined in the Complaint, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants deny that they acted unlawfully or improperly toward Plaintiffs and the putative members of the purported FLSA Collective Action defined in the Complaint. However, with regard to any potential award to Plaintiffs and/or the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action for alleged unpaid wages, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiffs and/or putative members of the purported FLSA Collective Action, and/or obligations of Plaintiffs or putative members of the purported FLSA Collective Action owed to Defendants, against any judgment that may be entered against Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The types of claims alleged by named Plaintiffs of the purported FLSA Collective Action

defined in Complaint, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a Collective Action pursuant to Section 216(b) of the FLSA and/or New York Labor Law Class Action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

There is no class of persons similarly situated to the Plaintiffs with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA and/or as a class action under the New York Labor Law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The named Plaintiffs failed to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interest of others as to each of the purported causes of action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs are inadequate representatives of the alleged class of persons which Plaintiffs purport to represent.

**WHEREFORE**, Defendants respectfully request that this Court:

a) Dismiss Plaintiffs' Complaint in its entirety and all claims for relief set forth therein, with prejudice;

b) Deny each and every demand for relief as set forth in Plaintiffs' Complaint;

c) Award Defendants the reasonable attorneys' fees and costs it incurs in defending this action, and

d) Grant such other and further relief as this Court may find to be just and proper.

Dated: August 29, 2008

Respectfully submitted,

FUGAZY & ROONEY LLP

By: s/Amanda F. Fugazy
Amanda M. Fugazy (AF-6772)
Paul P. Rooney (PR-0333)
225 Broadway, 39th Floor
New York, NY 10580
(212) 346-0570 (tel)
(484) 805-7022 (fax)
*Attorneys for Defendants Japond Restaurant
d/b/a Bond St. Restaurant and Jonathan Morr*

## AFFIDAVIT OF SERVICE

I, Allison Vieyra, hereby certify that I served a true and correct copy of the annexed ANSWER upon counsel for Plaintiffs via ECF and by United States Mail First Class at the following address:

D. Maimon Kirschenbaum (DK 2448)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640

Allison Vieyra

Sworn to this 29th
day of August, 2008

Notary Public

AMANDA FUGAZY
Notary Public, State of New York
No. 02FU6122295
Qualified in Nassau County
Commission Expires Feb. 7, 2009

10